THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SIXTO NIETO ET AL., Defendants and Appellants.

No. 10735. Argued March 6, 1945.—Decided April 25, 1945.

*Enrique Báez García* for appellants. *R. A. Gómez, Prosecuting Attorney (Fiscal),* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

Sixto Nieto and Raúl Martiz were accused in the District Court of Mayagüez of adulterating milk. Before trial the defendants moved the court for a jury trial, and alleged that although the information charged them with "unlawfully, wilfully, maliciously, and criminally keeping for sale to be used for human consumption, cow's milk adulterated with water added artificially," Act No. 77 of August 12, 1925 (Laws of 1925, p. 558)[1] had been repealed by the Food, Drug, and Cosmetic Act of Puerto Rico (Act No. 72 of April 26, 1940, Sess Laws, p. 492) since the milk being a food its adulteration is embraced in the said Act; that as the Food, Drug, and Cosmetic Act does not confer exclusive jurisdiction on the district court, and the adulteration of milk is a misdemeanor, the municipal court having concurrent jurisdiction with the district court, § 178 of the Code of Criminal Procedure is applicable in so far as it provides that the defendant upon being originally tried for a misdemeanor in the district court is entitled to a jury trial. The court denied the motion of the defendants and, after a trial without a jury, they were found guilty and sentenced for the offense charged.

---

[1] "An Act providing punishment for the adulteration of milk and for other purposes."

In this appeal the only error assigned is the refusal to grant them a jury trial.

Appellant's contention is based exclusively on the ground that the Food, Drug, and Cosmetic Act of 1940 repealed Act No. 77 of 1925, relating to the adulteration of milk.

Both Acts are *in pari materia,* but the Act of 1940, which is of a general character, does not mention milk among the foods whose adulteration it punishes. If special Act No. 77 of 1925, which defines and punishes the offense of adulterating milk did not exist, we would have to agree with the appellants that the milk, being a food for human consumption, was included in general Act No. 72 of 1940. But it is a well-settled rule of statutory construction that a general law does not repeal a special one unless such repeal is expressly stated in the former or the two laws are conflicting. *Rivera* v. *District Court,* 39 P.R.R. 716 (1929); *Tilén* v. *Mena,* 24 P R.R. 760 (1917). In the present case both acts may stand without any conflict, the first one regulating all the foodstuffs not embraced in any special act which has not been expressly repealed by the general act, and Act No. 77 of 1925 regulating exclusively the adulteration of milk.

The appellants contend that Act No. 63 of April 25 of 1931 (Laws of 1931, p. 414)[2] expressly provided by its § 8 that said Act did not repeal "the special laws theretofore passed by the Legislature of Porto Rico to regulate the sale of milk, coffee, and powdered skimmed milk, but it maintains in force all such provisions as are not in conflict with said three laws," and that since this provision is not contained in the Food, Drug, and Cosmetic Act of 1940, but is absolutely silent as to the Act of 1925 relating to the adulteration of milk, the intention of the Legislature to repeal the latter is manifest. The provision contained in Act No. 63 of 1931

---

[2] "An Act to prohibit the sale, storage or transportation of adulterated, misbranded, poisonous, or deleterious foods and drugs or medicines, and for other purposes."

to the effect that said law did not repeal the Act relating to the adulteration of milk was absolutely unnecessary, for even in the absence of such a provision, it would not have been repealed because there was no conflict between the general Act of 1931, and the special Act of 1925, and the former did not expressly repeal the latter. And the fact that the Food, Drug, and Cosmetic Act is silent as to this question, does not imply that it was the intention of the Legislature to repeal the special Act of 1925 relating to the adulteration of milk, for apart from the fact that implied repeals are not favored by law, milk, because of its nature and importance as a food, has always received special attention from the lawmakers.

The fact that the number and title of Act No. 77 of 1925, were not specified in the information, does not imply, as urged by appellants, that the offense charged was included in the general Act of 1940.

In view of the fact that the only error assigned by the appellants was not committed, the appeal is hereby dismissed and the judgment appealed from affirmed.